# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br> vs. <br><br> **$12,950.00 in U.S. Currency,** <br><br> Defendant. | **CV 17-138-GF-BMM** <br><br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT, AND ORDER OF FORFEITURE** |

Plaintiff United States of America has moved for an entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2) and 56(a). (Doc. 14.) The Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On December 21, 2017, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *in Rem* against the Defendant currency in the amount of $12,950.00, to forfeit property under 21 U.S.C. §§ 841 and 881(a)(6), asserting the Defendant currency was furnished, or intended to be furnished, in exchange for a controlled substance, and/or was used, or intended to be used, to facilitate one or more violations of 21 U.S.C. § 841, *et seq* . (Doc. 1.)

2. On January 8, 2018, the Homeland Security Investigations executed the Warrant of Arrest *in Rem* that was issued by this Court on January 5, 2018, and

1

arrested the defendant currency. (Doc. 5.)

3. On December 28, 2017, the United States provided "direct notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture and Verified Complaint In Rem (Doc. 3) to Robert David Linn, to the address of the correctional facility where he was ordered to serve his sentence, and to Craig W. Frazier, via first class U.S. mail and Certified mail, to the address he provided in his administrative claim. (*See* Doc. 11.)

4. On January 10, 2018, Craig W. Frazier filed an answer and motion declaring he has no interest in the $12,950 in U.S. currency and no objection to summary judgment on behalf of the United States related to the Defendant currency. (Doc. 6, p. 2.)

5. In *United States v. Robert David Linn*, CR 17-31-GF-BMM, Linn executed a Plea Agreement, filed with the Court in CR 17-31-GF-BMM as Doc. 16, which provides on page 3 that Defendant Linn agrees to disclaim any interest in any drug trafficking proceeds that the United States seeks to forfeit.

6. Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on January 6, 2018, and ending on February 4, 2018. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (January 6, 2018) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 8, Att. 1.)

7. Upon considering the United States' Motion for Entry of Default of Known Potential Claimant, Robert David Linn, and Unknown Potential Claimants (Doc. 9) and Amended Declaration filed in support of the motion (Doc. 11), the Clerk of District Court entered the default of Robert David Linn, and any unknown potential claimants, on March 8, 2018, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 12.)

8. The factual allegations set forth in paragraphs 4 through 37, of the Verified Complaint for Forfeiture *In Rem* are verified by Tavia Hulme, Special Agent for the Homeland Security Investigations. (Doc. 1.)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

9. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345

and 1355. The United States has filed a Verified Complaint for Forfeiture *in Rem* to forfeit the Defendant currency under 21 U.S.C. §§ 841 and 881(a)(6), as currency constituting monies or other things of value furnished or intended to be furnished in exchange for a controlled substance, and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*.

10. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit United States currency found in this district, and the acts or omissions complained of occurred in this district.

11. The Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure govern civil forfeiture actions. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

12. The Verified Complaint for Forfeiture *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the Defendant currency described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violation of 21 U.S.C. § 841, and subject to forfeiture under

21 U.S.C. § 881(a)(6).

13. The totality of circumstances as set forth in the Verified Complaint *in Rem,* demonstrates that there is a substantial connection that the Defendant currency was furnished or intended to be furnished in exchange for a controlled substance, and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*

14. The government properly provided notice of this action to known potential claimants, Robert David Linn and Craig W. Frazier, by providing "direct notice" by mailing the Verified Complaint *In Rem*, in accordance with Supplemental Rule G(4)(b)(v).

15. The government further provided notice by publication to unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

16. On January 10, 2018, Craig W. Frazier filed an Answer declaring that he had no interest in the Defendant currency and consented to summary judgment in favor of the United States as to the Defendant currency.

17. The Clerk of District Court properly entered the default of Robert David Linn, and any unknown claimants in accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5). (Doc. 12.)

18. The United States is entitled to a judgment of default against the Defendant currency in the amount of $12,950.00, as to any claim by Robert David

Linn and unknown potential claimants and judgment as to Craig Frazier based on his consent in his answer to judgment in favor of the United States as to the defendant currency. Fed. R. Civ. P. 55(b)(2), 56(a).

19. The United States is further entitled to an order of forfeiture of the Defendant currency in the amount of $12,950.00.

**IT IS ORDERED**:

1. The United States is granted judgment against the Defendant currency in the amount of $12,950.00, and against any person asserting a claim to, or interest in, the Defendant currency.

2. The Defendant currency consisting of $12,950.00, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 5th day of April, 2018.

_____
Brian Morris
United States District Court Judge